```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GARY P. MULLANE,**

                Petitioner,

        v.                              CASE NO.  09-3011-RDR

**C. CHESTER, Warden,**
**USP-Leavenworth,**

                Respondent.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by petitioner while he was an inmate of the United States Penitentiary, Leavenworth, Kansas. As the factual background for this Petition, Mr. Mullane alleged as follows. He was sentenced in the District of Kansas to 92 months in prison for possession of marijuana with intent to distribute. While serving this sentence, he completed the 500-hour Residential Drug Abuse Treatment Program in December 2008. However, he was denied early release allegedly due to his having untried state charges. He claims the 17-year old charges did not warrant denial, and the decision was based on an arbitrary categorical exclusion in an invalid regulation. However, he admitted he did not exhaust administrative remedies, but argued they are futile and asked the court to waive this well-established prerequisite to federal habeas review[1].

---

[1] Even though exhaustion of prison administrative remedies is not required by statute, it has long been required, unless shown to be futile, as a matter of judicial precedent.

The court issued a show cause order to respondent, and he filed an Answer and Return. Petitioner thereafter filed a "Notice of Change of Address" indicating he had moved apparently to a halfway house (Doc. 11). He then filed a Traverse from his new address.

Respondent alleges and documents in his Answer and Return that petitioner did not exhaust available administrative remedies on his claims, and that he has been essentially granted the relief sought in his Petition. Respondent thus argues that this action should be dismissed as moot, or in the alternative, for failure to exhaust administrative remedies. Respondent notes and the court emphasizes that petitioner has obtained through administrative action the relief that might have been forthcoming in a more efficient manner had he promptly and properly exhausted prison administrative remedies.

Having considered all materials filed, the court finds petitioner has been afforded the habeas corpus relief sought in his petition. Even though he is no longer in prison, the "in custody" requirement of § 2241(c)(3) is satisfied because he filed this petition while he was incarcerated. See Spencer v. Kemna, 523 U.S. 1-7 (1998). However, his release from prison moots his petition because the court is no longer presented with a case or controversy as required under Article III of the Constitution. Spencer, 523 U.S. at 7. The Tenth Circuit Court of Appeals has held:

> [m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional

>       prerequisite to federal court jurisdiction. This
>       requirement exists at all stages of the federal judicial
>       proceedings.

McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996). A federal court has no authority to issue advisory opinions upon moot questions. When a prisoner has been released from prison while his habeas petition is pending, the court's jurisdiction depends upon the existence of continuing "collateral consequences" adequate to meet Article III's injury-in-fact requirement. Spencer, 523 U.S. at 7, 14. In other words, the petitioner must demonstrate "some concrete and continuing injury." Id. at 7; see e.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968).

In his Traverse, Mr. Mullane reiterates his claims that the initial decision to exclude him from early release was arbitrary and based on an "invalid rule." He alleges he is currently at an RRC, but complains he suffered "4 extra months of incarceration". He also argues that this action is not moot, but he fails to identify any collateral consequences associated with his prior incarceration. He did not attack his criminal conviction, but merely sought early release. Because he sought, and has been granted, placement in an RRC, no actual injury remains to be addressed in this habeas action. Petitioner's complaints regarding his RRC placement in Leavenworth rather than his home in Arizona, his commendable "voluntary" stay in the "RDAP community" for two years while the average was nine months, and his state charges in Massachusetts are not such "continuing collateral consequences."

Nor has Mullane stated any facts or authority that would allow this court to reduce his four years of parole to one, as he now requests.

In sum, it appears Mr. Mullane has been transferred to an RRC, where he remains. This indicates he was afforded the relief available in this habeas corpus proceeding. He has not alleged facts showing continuing collateral consequences. The court concludes that this action must be dismissed as moot due to petitioner's release from prison and placement in an RRC.

**IT IS THEREFORE ORDERED** that this action is dismissed as moot.

**IT IS FURTHER ORDERED** that petitioner's Motion for reconsideration of this court's order granting respondent an extension of time (Doc. 7) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 9th day of October, 2009, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge